## S. D. SUTLIFF, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 2786.    Decided September 27, 1926.

*Held*, that a liquidating dividend was received in 1920 and not in 1919 as determined by the Commissioner.

*Charles F. Smith, Esq.*, for petitioner.
*A. H. Fast, Esq.*, for the respondent.

The Commissioner determined a deficiency of $3,546.59 for the calendar year 1919, as a result of a liquidating dividend alleged to have been received during that year.

### FINDINGS OF FACT.

Petitioner is a resident of Rhinelander, Wis.

In 1908, a corporation known as the Rhinelander Lumber & Coal Co. was organized with a capital stock consisting of 100 shares of the par value of $100 each. On March 1, 1913, petitioner was the owner

of 25 shares. On August 3, 1915, he purchased 25 additional shares at $300 a share and on January 3, 1916, he purchased 49 shares at $300 a share. On the last-mentioned date, he transferred one share to another to qualify the required number of directors, leaving the petitioner the owner of 98 of the 100 shares outstanding. There was no other change in the stock ownership prior to the dissolution of the corporation as hereinafter set forth.

Regular directors' meetings were held until 1914. Thereafter, no formal meetings were held until January, 1919, and no minutes of any action by the directors were recorded, the offices of the corporation being conducted by the petitioner as though it was his individual business. The directors formally declared a dividend in January, 1919. In the latter part of 1919, petitioner concluded that inasmuch as he owned all of the capital stock, it was useless longer to carry on the business in corporate form and that he would experience less trouble if the corporation should be dissolved. Accordingly, on December 27, 1919, a special meeting of the stockholders was held at which the following resolution was adopted:

Resolved, that the Rhinelander Lumber & Coal Company, a corporation organized under the laws of the State of Wisconsin, and located at Rhinelander, Wisconsin, be and the same is hereby dissolved.

This resolution was duly certified and filed with the Secretary of the State of Wisconsin on December 29, 1919. Thereafter, on December 30, 1919, the resolution, together with the certificate of the Secretary of State, was recorded in the office of the Register of Deeds of Oneida County, Wis. After the resolution of dissolution, business was continued as before, no change being made in the books of account prior to December 31, 1919. The corporation rendered a tax return for the calendar year 1919. From and after January 1, 1920, petitioner continued the business as theretofore carried on by the corporation, under the same name, without interruption. On January 1, 1920, he entered upon the records his personal assets and property. The former officers of the dissolved corporation proceeded forthwith after January 1, 1920, to have formal quitclaim deeds to real estate and transfers of mortgages executed by the corporation, transferring the corporation's title to such property to the petitioner. The corporation, during January, 1920, paid over to the two stockholders owning one share each the amount to which they were entitled upon dissolution. In determining the amount which the two stockholders were entitled to receive upon dissolution, it was determined that by reason of the fact that accounts receivable totaling $40,000 were not worth their face value, $450 a share for the stock represented a fair liquidation value, and this amount was paid. The deeds and transfers were executed and recorded on Jan-

uary 20, 1920. Thereafter, the remaining surplus and all assets were held by the petitioner, who assumed the liabilities of the dissolved corporation. The fair market value of the assets at December 31, 1919, and on January 20, 1920, was $45,000. The fair market value of the 25 shares of stock owned by petitioner on March 1, 1913, is not in question, nor is the cost of the 73 shares subsequently acquired. The Commissioner held that petitioner received a net gain upon liquidation in 1919 of $20,798.16 and computed the tax thereon at both normal and surtax rates.

OPINION.

LITTLETON: The statute provides that stockholders of a corporation shall pay a tax upon amounts received in liquidation of the corporation measured by the difference between the cost or March 1, 1913, value of their stock and the cash and value of the property received upon liquidation. The adoption by the stockholders of a resolution of dissolution is not in every case conclusive proof that they thereupon realize a gain or sustain a loss. They may or they may not receive a liquidating dividend on the date of the dissolution resolution, or when it is properly recorded. In most cases at least this is a question of fact. *Appeal of S. B. Quigley*, 2 B. T. A. 159.

The statutes of Wisconsin provide that a corporation shall remain in existence for three years for the purpose of winding up its affairs.

The facts in this proceeding show that upon the dissolution resolution, the officers of the corporation who were its stockholders made arrangements for distribution of assets in liquidation. The corporation continued its business and its accounts without change to the close of business on December 31, 1919. It made a return of income for the full calendar year and paid the tax shown to be due. Between January 1 and January 20, 1920, the corporation executed quitclaim deeds to its real property and transferred its mortgages to the petitioner and issued checks on January 20, 1920, for $450 to each of the two stockholders owning one share of stock. The petitioner then took over the business and assets and assumed the liabilities of the corporation. The stockholders and directors made a valuation of the assets and determined them to have a value equal to $450 a share on all of the outstanding capital stock, or a total value of $45,000. We believe this valuation to have been correct.

Under these circumstances, we are of the opinion that the liquidating dividend which the Commissioner has included in the income of the petitioner for 1919 was not received by him until 1920. Accordingly, the Commissioner's determination of a deficiency for 1919

in so far as it is predicated upon a dividend received upon the liquidation of the Rhinelander Lumber & Coal Co. was erroneous.

*Judgment for the petitioner. Order of redetermination will be entered under Rule 50.*